Matter of Cowell (2018 NY Slip Op 01163)





Matter of Cowell


2018 NY Slip Op 01163


Decided on February 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2018

Renwick, J.P., Richter, Manzanet-Daniels, Andrias, Gesmer, JJ.


1355B/09 5759

[*1] In re Gigi Cowell also known as Gigi C. Cowell, also known as Gigi Carrier Cowell, Deceased.
Public Administrator of the County of New York, Petitioner-Respondent,
v
Claire Carrier, Objectant-Appellant. Attorney General of the State of New York, Nonparty Respondent.


Robert K. Marchese, PC, Staten Island (Peter C. Lucas of counsel), for appellant.
Schram Graber & Opell P.C., New York (Glenn A. Opell of counsel), for Public Administrator of the County of New York, respondent.
Eric T. Schneiderman, Attorney General, New York (Scott A. Eisman of counsel), for Attorney General of the State of New York, respondent.



Decree on accounting, Surrogate's Court, New York County (Rita Mella, S.), entered September 29, 2016, bringing up for review an order, same court and Surrogate, entered July 12, 2016, which granted petitioner's motion to dismiss objectant's objections, unanimously affirmed, without costs.
The property of a decedent with no spouse, parents or issue, not disposed of by will shall be distributed to a sibling (see 
EPTL 4-1.1[a][5]). However, the right of succession to the estate of an adopted child is governed by Domestic Relations Law (DRL) § 117(1)(c) (see EPTL 4.1.1[d]).
The right of inheritance of an adoptive child extends to the distributees of such child, and such distributees shall be the same as if he or she were the birth child of the adoptive parents (DRL § 117[f]).
The court is constrained to apply the clear mandate of DRL § 117(f) and preclude distribution of decedent's estate to her late brother's estate as he ceased to be a distributee of her estate when decedent was adopted as an adult by her partner.
Objectant argues that decedent did not intend to cut off her biological family when she was adopted, and the adoption was merely a way to formalize her legal relationship with her partner at a time when same sex marriage was not legally recognized. As the Surrogate noted, decedent could have prevented this result by executing a will.
Objectant asserts that in special situations, in the interests of justice, courts have not strictly enforced the provisions of DRL § 117, citing Matter of Jacob (86 NY2d 651 [1995]); [*2]Matter of A.J.J . (108 Misc 2d 657 [Sur Ct, NY County 1981], and Matter of Evan (153 Misc 2d 845 [Sur Ct, NY County 1992]). However, these cases are inapt in that they concern the rights and best interests of children, unlike here.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 20, 2018
CLERK